UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA D. LEBEDA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | **Case No.:** |
| ) | |
| NELSON, WATSON & ) | **COMPLAINT AND DEMAND FOR** |
| ASSOCIATES, LLC, ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## **COMPLAINT**

MELISSA D. LEBEDA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NELSON, WATSON & ASSOCIATES, LLC ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDPCA"), 15 U.S.C. § 1692 *et seq.*

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in West Mifflin, Pennsylvania 15122.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 80 Merrimack Street, Lower Level, Haverhill, Massachusetts 01830.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12. The alleged debt at issue, a personal credit card issued by Capital One Services, LLC, arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in June 2014, Defendant contacted Plaintiff in writing in its attempts to collect a debt.

14. Specifically, on or around June 2, 2014, Defendant sent a collection letter to Plaintiff. See Exhibit A, Defendant's June 2, 2014, letter.

15. The collection letter was addressed to "Melissa D. Lebeda." See Exhibit A.

16. The letter was an effort to collect on a consumer debt, i.e. a personal credit card. See Exhibit A.

17. The letter was sent to Plaintiff in a clear, plastic window envelope.

18. Through the window of the envelope, the original account number from Capital One Services, LLC, "718922909," was visible. See Exhibit A.

19. Further, Defendant's Account Number, "CAPO805989," was also visible on through a window on the envelope. See Exhibit A.

20. A debt collector is prohibited from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails…." See 15 U.S.C. § 1692f(8).

21. The collection letter utilized by Defendant conveyed such information violating the FDCPA. See Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014).

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. In its actions to collect a consumer debt, Defendant violated the FDCPA in the following ways:

### COUNT I

a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b. A debt collector violates § 1692f(8) of the FDCPA by using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in

    the debt collection business.

  c. Here, Defendant violated §§ 1692f and 1692f(8) of the FDCPA by disclosing the creditor's account number and its account number through clear plastic window of an envelope containing a collection letter.

WHEREFORE, Plaintiff, MELISSA D. LEBEDA, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MELISSA D. LEBEDA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 12/12/14                    By: */s/ Craig Thor Kimmel*_____
                                                       CRAIG THOR KIMMEL
                                                       PA ID No. 57100
                                                       Kimmel & Silverman, P.C.
                                                       30 E. Butler Pike
                                                       Ambler, PA 19002
                                                       Phone: (215) 540-8888
                                                       Fax: (877) 788-2864
                                                       Email: kimmel@creditlaw.com